UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN ROMERO,  1:10-cv-00766-SMS

    Plaintiff, **ORDER DIRECTING PRO SE PLAINTIFF TO FILE OPENING BRIEF BY AUGUST 31, 2011**

vs.

MICHAEL J. ASTRUE, **ORDER DIRECTING CLERK TO SERVE PRO SE PLAINTIFF**
Commissioner of Social Security,

    Defendants.
_____/

    Plaintiff is proceeding pro se and in forma pauperis with this action seeking judicial review of a final decision of the Commissioner of Social Security denying his application for benefits. Pursuant to the consent of the parties (Docs. 8 & 9), the matter is referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 301.

    On March 31, 2011, Attorney Marc Kalagian filed a motion to withdraw as attorney of record for plaintiff (Doc. 16). On April 6, 2011, the Court set the motion to withdraw for hearing, pursuant to Local Rule 230(b), on April 29, 2011 at 9:30 a.m.,

1

for which plaintiff failed to personally appear as ordered. However, since after the hearing on the motion to withdraw on April 29, 2011, up to and through approximately June 23, 2011, court staff has attempted to assist plaintiff in locating new legal counsel, which is in the best interest of all concerned. Approximately five (5) separate attorneys located around the State of California have each declined to represent plaintiff.

Therefore, the Court has no other option but to ORDER plaintiff to file his opening brief by **August 31, 2011,** with or without the assistance of legal counsel, utilizing the following guidelines:

Plaintiff's Opening Brief

Plaintiff's opening brief *must* be filed and served by **August 31, 2011.** Plaintiff *must* serve a copy of the opening brief on Defendant, by serving all the attorneys of record for Defendant noted on the court docket, at the addresses noted on the court docket, as follows:

| **Armand D. Roth** | **Alyson A. Berg** |
|---|---|
| Social Security Administration | United States Attorney's Office |
| 333 Market Street, Suite 1500 | 2500 Tulare Street, Suite 4401 |
| San Francisco, CA 94105 | Fresno, CA 93721 |
| 415-977-8924 | 559-497-4000 |
| Fax: 415-744-0134 | Fax: 559-497-4099 |

Plaintiff *must* also file the original opening brief with the Court, together with two (2) copies (one to be FILED stamped for the Court, and one to be FILED stamped for plaintiff), by either personal delivery or via U.S. mail as follows:

Office of the Clerk
United States District Court
Eastern District of California
2500 Tulare Street, Suite 1501
Fresno, CA 93721

2

**PLAINTIFF'S OPENING BRIEF *MUST* CONTAIN ALL OF THE FOLLOWING:**

**(1)** a plain description of plaintiff's alleged physical or emotional impairments, when plaintiff contends they became disabling, and how they disabled plaintiff from work;

**(2)** a summary of the administrative proceedings before the Social Security Administration;

**(3)** a summary of the relevant testimony at the administrative hearing;

**(4)** a summary of all relevant medical evidence, including an explanation of the significance of clinical and laboratory findings, and the purpose and effect of prescribed medication and therapy;

**(5)** a recitation of the Social Security Administration's findings and conclusions relevant to plaintiff's claims;

**(6)** a short, separate statement of each of plaintiff's legal claims stated in terms of the insufficiency of the evidence to support a particular finding of fact or reliance on an erroneous legal standard; and,

**(7)** argument separately addressing each claimed error.

All references to the administrative record and all assertions of fact *must* be accompanied by citations to the administrative record, i.e., "AR," followed by the appropriate page number(s).  Argument in support of each claim of error *must* be supported by citation to legal authority and explanation of the application of such authority to the facts of the particular case.  <u>Briefs that do not substantially comply with these requirements will be stricken</u>, will become null and void, and is not considered by the Court for any purpose.

### Defendant's Brief

Pursuant to the Scheduling Order (Doc. 6), defendant's responsive brief is due filed and served no later than **thirty (30) days** after service of plaintiff's opening brief.

### Plaintiff's Reply Brief

Plaintiff may file a reply brief, but is not required to do so, no later than **fifteen (15) days** from the date defendant serves its responsive brief on plaintiff.  Plaintiff must serve a copy of the reply brief on defendant by serving the United States Attorney for the Eastern District of California at the address noted above.  Plaintiff must also file the original reply brief, together with two (2) copies, with the Court at the Court's address noted above.

Plaintiff's reply brief should respond to the arguments made in defendant's responsive brief.

### The Court's Decision on the Merits

The Court will consider the merits of the case only after <u>all</u> briefs have been filed, and may enter a judgment affirming, modifying, or reversing the determination of the Social Security Administration.  The Court may or may not remand the case to the Social Security Administration for a further hearing.

### Rules for Litigating the Action

Plaintiff is reminded of the following:

A.   In litigating this action, the parties must comply with the Federal Rules of Civil Procedure (Fed. R. Civ. P.), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules").

//

B.   Each document submitted for filing must include the original signature of the filing party or parties.  Local Rule 131; Fed. R. Civ. P. 11(a).  <u>All documents submitted without the required signature(s) will be stricken</u>.  Each separate document must be separately stapled.  <u>See</u> Local Rule 133.  If a document is stapled behind another document, it will not be filed and will not enter the court docket.

C.   All documents filed with the Court must be submitted with an additional legible conformed copy for the Court's use.  <u>See</u> Local Rule 133(d)(2).  <u>A document submitted without an extra copy for the Court's use will be stricken</u>.  If the filing party wishes the Court to return a filed-stamped copy, an additional copy must be provided for that purpose (i.e., submit an original and two copies, one for the Court's use and one to be returned), together with a self-addressed, stamped envelope, if applicable.  <u>The Court cannot provide copy or mailing service for a party, even for an indigent plaintiff proceeding in forma pauperis</u>.  Copies of documents from the Court's file may be obtained at the cost of fifty ($.50) cents per page.

D.   After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), <u>all documents filed with the Court must include a certificate of service stating that a copy of the document was served on the opposing party</u>.  *See* 28 U.S.C. § 1746; F.R.Civ.P. 5; Local Rule 135.  **A document submitted without the required proof of service will be stricken**.  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

5

     E.   A pro se party has an affirmative duty to keep the Court and opposing parties apprised of a current address.  If plaintiff moves and fails to file a notice of change of address, service of court orders at plaintiff's prior address shall constitute effective notice.  See Local Rule 183(b).  If mail directed to plaintiff is returned by the United States Postal Service as undeliverable, the Court will not attempt to re-mail it.  <u>If plaintiff's address is not updated, in writing, within **sixty (60) days** of mail being returned, the action will be dismissed for failure to prosecute.</u>  See Local Rule 183(b).

     **LASTLY, PLAINTIFF IS HEREIN ADVISED THAT FAILURE TO TIMELY FILE HIS OPENING BRIEF BY AUGUST 31, 2011, WILL RESULT IN DISMISSAL OF THIS ENTIRE ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**.

<u>IT IS SO ORDERED.</u>

**Dated:    July 9, 2011**                               /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE